UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP LEE TAYLOR,<br><br>Defendant. | CR12-149 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on defendant's motion for compassionate release, docket no. 46.  Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order DENYING the motion.

**Background**

Defendant was sentenced on December 6, 2012, to 144 months in the custody of the United States Bureau of Prisons ("BOP").  *See* Judgment (docket no. 42).  Defendant is currently incarcerated at the Federal Correctional Institution ("FCI") at Big Spring, Texas, and has a projected release date of January 10, 2022.  He seeks immediate release on the ground that his medical conditions (heart condition, hypertension, and obesity)

ORDER - 1

increase the possibility of acute illness or death from Coronavirus Disease 2019 ("COVID-19"). Defendant, however, has previously tested positive for the coronavirus that causes COVID-19, and during the ensuing 10-day quarantine period, he remained asymptomatic. Three months later, on the eve of filing his motion for compassionate release, defendant reported experiencing shortness of breath and received a steroid medication. Def. Ex. 2 (docket no. 48 at 60-62); Gov't Ex. A (docket no. 52-1). The record does not support his assertion that further treatment is required.

**Discussion**

A sentence is generally considered final and may not be altered except in limited circumstances. *See* 18 U.S.C. § 3582(b); *see also* *Dillon v. United States*, 560 U.S. 817, 824 (2010). Pursuant to the First Step Act of 2018, however, a defendant may directly request a reduction in the term of incarceration after exhausting administrative remedies.[1] *See* 18 U.S.C. § 3582(c)(1)(A).

**A.     Conditions at FCI Big Spring**

Defendant bears the burden of establishing "extraordinary and compelling reasons" justifying a reduction in his sentence. *See* *United States v. Powers*, No. CR15-166, 2020 WL 3605748, at *1 (W.D. Wash. July 2, 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i). In determining whether "extraordinary and compelling reasons" exist, the Court considers the "helpful guidance" offered by the application notes to

---

[1] The parties agree that defendant has met the prerequisite of exhaustion.

ORDER - 2

United States Sentencing Guideline ("USSG") § 1B1.13.  *See* *United States v. Lineberry*, No. CR17-175, 2020 WL 6685044, at *1 (W.D. Wash. Nov. 12, 2020).  Defendant contends that the conditions at FCI Big Spring and BOP's practices render him unable to engage in the self-care necessary to avoid re-infection with the coronavirus that causes COVID-19.  This argument misconstrues the application notes to USSG § 1B1.13, which envision that a defendant's physical and/or mental condition constitutes an "extraordinary and compelling" reason for compassionate release when it is so compromised that it can no longer be managed in prison.  *See* *United States v. Reynolds*, No. CR18-131, 2020 WL 3266532, at *4 (W.D. Wash. June 17, 2020); *Riley v. United States*, No. CR14-113, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020).  By focusing on external factors inherent in confinement or the facility or arising from BOP's procedures, defendant merely identifies factors affecting the risk of contagion for everyone at the correctional institution, and offers no means of identifying specific individuals deserving of compassionate release.  *See* *Powers*, 2020 WL 3605748, at *2.

**B.** **Safety of the Community**

A defendant may be granted compassionate release only if he or she is "not a danger to the safety of any other person or to the community," as evaluated in the manner outlined in 18 U.S.C. § 3142(g).  USSG § 1B1.13(2).  Having considered the relevant factors, namely (i) the nature and circumstances of the charged offense, (ii) the history and characteristics of the defendant, and (iii) the nature and seriousness of the danger to any person or the community that would be associated with the defendant's release, *see*

ORDER - 3

18 U.S.C. §§ 3142(g)(1), (3), & (4), and 3553(a)(1) & (2)(C), the Court concludes that, even if defendant could demonstrate "extraordinary and compelling reasons" to support his motion, he has not made the requisite showing that his immediate release would not pose a risk to the "the safety of any other person or to the community."

Defendant is a repeat offender, having previously been convicted of a child pornography offense and having violated the terms of his supervised release in the prior case by again possessing pornographic materials. *See* Presentence Report at ¶¶ 36 & 40 (docket no. 37). In this matter, defendant engaged in efforts to evade detection, by stealing a laptop from his employer and representing to law enforcement officers that the device was the one he had taken with him on a trip to Alabama. *See* Gov't Sentencing Memo. at 3 (docket no. 39). Defendant's crime of choice requires nothing more than access to the Internet, and defendant's plan of release to a halfway house for 12 months does nothing to satisfy the Court that defendant will not revert to the same illegal conduct or worse. *See United States v. Blouin*, No. CR16-307, 2020 WL 5645050 (W.D. Wash. Sept. 22, 2020); *United States v. Sims*, No. CR18-262, 2020 WL 2838611 (W.D. Wash. June 1, 2020); *see also United States v. Ramey*, No. CR13-368, 2020 WL 4226543 (W.D. Wash. July 23, 2020). Defendant's potential for reoffending is particularly concerning in light of the difficulties in monitoring his behavior that result from social distancing and other protocols designed to avoid the transmission of the coronavirus that causes COVID-19. Because defendant poses a serious danger to the community if he is

ORDER - 4

released prematurely from prison, defendant's motion for compassionate release is DENIED.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)  Defendant's motion for compassionate release, docket no. 46, is DENIED; and

(2)  The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 12th day of February, 2021.

                                                   *Thomas S. Zilly*
                                                   Thomas S. Zilly
                                                   United States District Judge

ORDER - 5